# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Amanda Gress, individually, and as Personal Representative of the Estate of Michael Gress, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| ND, L.L.C. and Community Counseling and Correctional Services, Inc., d/b/a Bismarck Transitional Center, | ) ) ) ) | Case No. 1:16-cv-005 |
| Defendants. | ) | |

On June 12, 2017, plaintiff filed a "Motion to Transport Witness." The trial in the above-captioned action is scheduled to commence on July 24, 2017. Plaintiff advises that she intends to call James Nemec, an inmate at the North Dakota State Penitentiary ("NDSP"), as a witness and requests that the court order his transport by law enforcement to the courthouse on July 25, 2017, to testify.

The court, in its discretion, is not inclined to order the transport of Nemec as initially requested by plaintiff given the attendant logistical and security issues and in light of the fact there are other ways of obtaining his testimony for trial, a trial deposition being one example. Accordingly, plaintiff's "Motion to Transport Witness" (Doc. No. 33) is **DENIED**.

On June 28, plaintiff filed a "Request for Witness to Appear by IVN." She requested that Nemec be allowed to appear and testify live via video conference from the NDSP. Plaintiff did not indicate, however, whether she had obtained the NDSP's permission and whether it would make the necessary equipment available if it has the necessary equipment.

1

The court has no objection to Nemec appearing by video to provide testimony if the NDSP has the equipment and is willing to make it available. However, when court's staff contacted the NDSP, it forwarded the attached as being their policy with respect to the appearance of prisoners in civil cases. This does not appear to include appearance by video.

Consequently, the court will **GRANT** the motion (Doc. No. 45) to allow Nemec to appear by video conference but only if plaintiff can arrange for it with the NDSP and subject to our being able to test the equipment to insure it is compatible with our video equipment.

**IT IS SO ORDERED.**

Dated this 30th day of June, 2017.

>*/s/ Charles S. Miller, Jr.*
>Charles S. Miller, Jr., Magistrate Judge
>United States District Court

Civil Cases:
1. Civil cases may be by telephone only.
a. A staff member will be present, at all times, during the hearing, but will not testify or provide information without permission.
2. The court shall contact the Warden to request a civil case hearing. Relevant information shall be included with the request:
a. Date and time of hearing
b. Expected length of hearing
c. Reason for hearing
3. Hearings need to be scheduled for a specific time and not be listed on a general court calendar with a variable time.
4. Only hearings where inmate testimony is required are allowed. Inmates are only allowed to participate during their testimony and to answer questions.
5. Hearings may be no longer than 30 minutes in length and may not be spread over several time periods.
6. Hearings will only be scheduled if sufficient staff is available to ensure the security of the facility.
7. The warden or designated representative will notify the inmate and the court if a civil hearing is not approved for a telephone hearing.
8. If the hearing is approved the warden or designated representative will notify the case manager who will contact the court to notify them of the phone number the inmate will be available at for the hearing.